70 So.2d 135

STATE ex rel. OGDEN v. ROBARDS.

In re OGDEN.

No. 41440.

Dec. 14, 1953.

Ralph L. Roy and Joseph W. Starring, Baton Rouge, for relator.

PONDER, Justice.

On application of the relator we granted the writ of certiorari and issued a rule on the respondent Judge to show cause why a hearing should not be granted to the relator, who is being confined in East Louisiana Hospital, to determine whether or not the relator should be discharged.

It appears that the relator was committed to this hospital at various times beginning November 1, 1947 and is now being confined under the last commitment of date May 27, 1953.

On June 26, 1953 the relator petitioned the committing District Court for his release. He asked for a hearing under the provisions of LSA–R.S. 28:61. The district judge refused the hearing and the relator sought and obtained the exercise of our supervisory jurisdiction.

The relator is a chronic alcoholic and it appears that he has received all the treatment that can be given and that there is little left in the line of definite therapy as certified by the superintendent of the institution.

The relator contends that treatment for alcoholism is no longer beneficial or necessary for him, that no treatment is being now administered to him and that any further confinement of him is illegal and unlawful. He takes the position that he is entitled to a hearing under the circumstances with the view of obtaining his discharge.

It is provided in LSA–R.S. 28:61 that "No person committed to an institution in accordance with R.S. 28:52 or 28:53, shall be detained for treatment as an inebriate for a period of more than one year, unless the court believes that detention for a longer period is beneficial and necessary, as certified by the superintendent of the institution. Whenever the superintendent certifies that the patient is cured or that treatment is no longer beneficial or necessary, the court shall order the patient discharged upon whatever conditions it designates."

Whether or not the relator is entitled to discharge is a question that can only be answered after a hearing but under this section of the Revised Statutes a person so committed for such a period of time is entitled, upon application, to a hearing when the superintendent certifies, as in the present case, that treatment is no longer beneficial. Consequently the refusal of the hearing was an abuse of discretion.

For the reasons assigned, the rule is made absolute and accordingly the respondent Judge is directed to grant the relator a hearing pursuant to the views herein expressed.